UNITED STATES of America,
Plaintiff-Appellee

v.

Donald DOMINGUE, also known as
Donald Domingues, also known as
Donald Dominguez, Defendant-Appel-
lant

No. 17-30516
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Filed March 6, 2018

Camille Ann Domingue, Assistant U.S.
Attorney, U.S. Attorney's Office, Western
District of Louisiana, Lafayette, LA, for
Plaintiff-Appellee

Dane S. Ciolino, Metairie, LA, for De-
fendant-Appellant

Before WIENER, DENNIS, and
SOUTHWICK, Circuit Judges.

PER CURIAM: *

Donald Domingue pleaded guilty to one
count of wire fraud, in violation of 18
U.S.C. § 1343, and was sentenced to 18
months in prison. He argues that the dis-
trict court wrongly applied a two-level ad-
justment pursuant to U.S.S.G § 3B1.3 for
abuse of a position of trust. He argues that
this court has not held that the position
that he portrayed himself as occupying—
an immigration consultant—is a position of
trust.

The district court's application of
§ 3B1.3, including its factual finding as to
whether a defendant held a position of
trust, is reviewed for clear error. *United
States v. Dial*, 542 F.3d 1059, 1060 (5th
Cir. 2008). Under § 3B1.3, an adjustment
is proper if the defendant (1) held a posi-
tion of trust and (2) abused it in a manner
that significantly facilitated the commis-
sion or concealment of the offense.
§ 3B1.3; *United States v. Ollison*, 555 F.3d
152, 165 (5th Cir. 2009). The adjustment
applies if a defendant provides sufficient
indicia to the victim that he validly holds a
position of trust even if he does not.
§ 3B1.3, comment. (n.3).

The unrebutted facts in the presentence
report (PSR), which the district court
adopted, support the adjustment. *See Dial*,
542 F.3d at 1060. Domingue falsely por-
trayed himself to detainees in Immigration
and Customs Enforcement (ICE) facilities,
and their relatives and friends, as an immi-
gration consultant whose company per-
formed immigration-related services.
These alleged services, included, inter alia,
bonding detainees out of ICE facilities,
assisting them with their deportation pro-
ceedings, consulting with them on immi-
gration laws and procedures, and other-
wise aiding with their immigration cases.
Domingue thus convinced his legally unso-
phisticated victims—who were desperate
to avoid possible deportation and confine-
ment—that he and his company could ably
handle their immigration concerns. Rely-
ing on Domingue's misrepresentations, his
victims transferred him money for the
promised services. Instead, however, Do-
mingue exploited the discretion afforded to
him by his victims: after receiving the
transfers, he and his company would cease
all contact with the detainee and the trans-

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

feror, not pay the bond, and not represent or assist the detainee in deportation proceedings. Domingue's position within his company—which he founded, owned, and managed—afforded him autonomy over the scheme, control over its operation, and discretion over these funds. The district court did not clearly err by finding that Domingue, by fraudulently indicating to his vulnerable victims that he was a professional they could rely on to skillfully perform services of considerable importance, assumed and abused a position of trust. *See* § 3B1.3, comment. (n.1); *United States v. Miller*, 607 F.3d 144, 149–50 (5th Cir. 2010); *United States v. Sudeen*, 434 F.3d 384, 386, 391–92 (5th Cir. 2005); *United States v. Reeves*, 255 F.3d 208, 212 (5th Cir. 2001).

Domingue has not meaningfully briefed any argument that the second requirement—that the position of trust significantly facilitated or concealed the offense—does not apply. *See* FED. R. APP. P. 28(a)(8)(A). Accordingly, any argument as to this second element of this enhancement is forfeited for failure to brief. *See, e.g., United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992). Regardless, the record demonstrates that the district court did not clearly err by determining that this position of trust significantly facilitated or concealed Domingue's offense. *See* § 3B1.3; *Ollison*, 555 F.3d at 165. Domingue's cultivation and generation of the belief that he was an immigration consultant was crucial to his scheme. His victims, in reliance on his alleged qualifications, made payments and gave him professional discretion that allowed him to misuse these funds without fear of ready or quick notice. *See Reeves*, 255 F.3d at 212–13. Also, given his control over the operation, he could direct whether actions should be taken in furtherance of the scheme and had unfettered discretion over the victims' funds. *See* § 3B1.3, comment. (n.1); *United*

*States v. Pruett*, 681 F.3d 232, 248–49 (5th Cir. 2012); *United States v. Buck*, 324 F.3d 786, 795 (5th Cir. 2003).

For these reasons, the judgment of sentence is AFFIRMED.